Ralph Hua (WSBA 42189)
FISHER & PHILLIPS LLP
1700 7th Ave, Ste 2200
Seattle, WA 98101

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Christopher Kitella, Shaela Kitella, H. K.<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>United States Citizenship and Immigration Services; United States Department of Homeland Security; Alejandro Mayorkas, Secretary of the Department of Homeland Security; Ur Jaddou, Director of United States Citizenship and Immigration Services; and Brian Meier, Director of United States Citizenship and Immigration Services New York Field Office,<br><br>　　　　Defendants. | **PLAINTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

## I.   INTRODUCTION

1.   Plaintiffs Christopher Kitella, Shaela Kitella, and H. K. filed their applications to adjust status (I-485 applications) on August 17, 2021 with the United States Citizenship and Immigration Services (USCIS). Christopher Kitella was the principal applicant. His children, Shaela Kitella and H. K., were derivative applicants.

2.   USCIS New York Field Office took over jurisdiction of their cases. On September 26, 2022, USCIS New York Field Office issued a Request for Evidence (RFE) to each Plaintiff. Each RFE stated that the due date was December 22, 2022.

3.   Since March 2020, USCIS has published and implemented a policy stating "USCIS considers a response received within 60 calendar days after the due date set

CASE NO.: _____
PLAINTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
FP 40606599.1

forth in the [RFE] before taking any action, if the request or notice was issued between March 1, 2020, and March 23, 2023." See https://www.uscis.gov/newsroom/alerts/uscis-extends-covid-19-related-flexibilities-1 (last visited on February 14, 2023).

4. Based on the abovementioned policy, the actual due date for the RFEs is on or about February 20, 2023.

5. On January 9, 2023, more than a month before the due date, USCIS denied each Plaintiff's I-485, alleging that they failed to respond to the RFEs timely.

6. The USCIS' denial of these applications is arbitrary and capricious in violation of the Administrative Procedure Act and the Immigration and Nationality Act. The USCIS violated Plaintiffs' Due Process rights by failing to follow its own published policy, upon which the Plaintiffs, along with thousands of applicants over the past three years, relied on to calculate the actual due dates. Indeed, at the time of the filing of this complaint, the actual due date for these RFEs is still in the future.

## II. PARTIES

7. Plaintiff Christopher Kitella is a citizen of Canada and resides in Erie, Colorado.

8. Plaintiff Shaela Kitella is a citizen of Canada and resides in Erie, Colorado. She is the daughter of Plaintiff Christopher Kitella.

9. Plaintiff H. K. is a citizen of Canada and resides in Erie, Colorado. She is the minor daughter of Plaintiff Christopher Kitella.

10. Defendant Alejandro Mayorkas is the Secretary of the United States Department of Homeland Security, an agency of the United States, named in his official capacity.

11. Defendant Ur Jaddou is the Director of U.S. Citizenship and Immigration Services, an agency of the United States, named in her official capacity.

12. Defendant Brian Meier is the Director for the USCIS New York Field Office, an agency of the United States, named in his official capacity. The USCIS New York Field Office adjudicated the Plaintiffs' I-485 applications.

13. Defendant Department of Homeland Security (DHS) is the department within which the USCIS adjudicates immigration applications.

14. Defendant Citizenship and Immigration Services is the component of DHS that adjudicates immigration applications.

### III. JURISDICTION AND VENUE

15. Jurisdiction is proper under 28 U.S.C. § 1331 and § 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a defendant. This Court also has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 702, the Administrative Procedure Act.

16. Venue is proper in the District of Colorado under 28 U.S.C. § 1391(e) because Plaintiffs reside in this district and the United States government is a Defendant.

### IV. FACTS AND BACKGROUND

17. When USCIS adjudicates immigration applications, it may issue RFE for various reasons pursuant to its regulations. 8 CFR § 103.2(b)(8).

18. The RFE notifies an applicant the requested documents or information, and the due date.

19. Adjudication of the application is effectively paused until either the due date or when the applicant files the response, whichever is sooner.

20. Since March 2020, USCIS has notified the public and implemented a policy regarding RFE due dates under its "COVID-19-related Flexibilities." This currently effective policy essentially adds 60 calendar days on top of the stated due date in an RFE notice: "USCIS considers a response received within 60 calendar days after the due date set forth in the [RFE] before taking any action, if the request or notice was issued between March 1, 2020, and March 23, 2023." See https://www.uscis.gov/newsroom/alerts/uscis-extends-covid-19-related-flexibilities-1 (last visited on February 14, 2023).

21. Plaintiffs filed their I-485 applications in August 2021.

22. On September 26, 2022, USCIS New York Field Office issued an RFE to each Plaintiff. Each RFE stated that the due date was December 22, 2022.

23. Based on USCIS' published COVID-19-related Flexibilities, this puts the actual due date on February 20, 2023.

24. On January 9, 2023, more than a month before the actual due date, USCIS denied each Plaintiff's I-485, alleging that they failed to respond to the RFEs timely.

25. Throughout the proceeding, USCIS did not notify the Plaintiffs that it would not apply its COVID-19-related Flexibilities to the due date.

26. The I-485 denials failed to explain why USCIS' COVID-19-related Flexibilities was inapplicable, despite undisputed facts about the date of the RFE issuance.

27. USCIS violated Plaintiffs due process rights by failing to follow its own rules, and provide notice to the Plaintiffs that it was about to disregard its policy that has been in effective for nearly three years.

28. USCIS's denial of Plaintiffs' I-485 applications is arbitrary and capricious, violating the Administrative Procedure Act and the Immigration and Nationality Act.

## V. IRREPARABLE INJURY AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. Plaintiffs will suffer irreparable injury if their I-485 applications are not approved.

30. There are no further administrative remedies that Plaintiffs can seek. The regulations do not provide any administrative appeal for denied I-485 applications.

## VI. CAUSES OF ACTION

31. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1-30 above.

32. The decision of USCIS to deny the I-485 applications violates 8 USC § 1255(a), 5 USC § 706(2), and the Due Process Clause of the United States Constitution,

and constitutes a manifest injustice and abuse of discretion.

## VII. REQUEST FOR RELIEF.

This Court should enter judgment in favor of the Plaintiffs granting the following relief:

1. Accept jurisdiction and review the USCIS decision to deny the I-485 applications filed by Plaintiffs;
2. Declare that USCIS's decisions to deny the I-485 applications are unlawful, a violation of the Administrative Procedure Act, Immigration and Nationality Act and the relevant regulations, and a violation of the United States Constitution.
3. Order USCIS to rescind its I-485 denials.
4. Order USCIS to reopen Plaintiffs' I-485 applications and grant Plaintiffs the appropriate amount of time to respond to the RFEs.
5. Grant and award of attorney's fees and costs;
6. Grant such other relief as may be just and reasonable.

Dated:  February 16, 2023                    Respectfully submitted,


FISHER & PHILLIPS LLP


By:   */s/ Ralph Hua*
RALPH HUA
Fisher Phillips LLP
1700 7th Ave
Suite 2200
Seattle, Washington 98101
rhua@fisherphillips.com
206-247-7014
Attorney for Plaintiffs